# Keenan, Appellant, *v.* William M. Lloyd Company.

*Negligence—Master and servant—Animal—Vicious mare—Kick of horse.*

In an action against an employer to recover damages for personal injuries sustained by an employee caused by the kick of a mare, where the negligence alleged was the failure to warn the plaintiff that the mare was in the habit of kicking, binding instructions for the defendant are proper where the evidence shows that the mare had been owned by the defendant for three years, and during that time had been known to have kicked only once before, and then at another horse that came up behind her; and that the kick that caused the injury was not a vicious kick at a man, but a kick at a horse that was led close behind her when she was tied, and that tendency to kick under like circumstances was common to all mares.

Argued March 21, 1912. Appeal, No. 104, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1908, No. 2000, on verdict for defendant in case of Catherine Keenan, Administratrix of Estate of John A. Wolf, deceased, v. William M. Lloyd & Co. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for the defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for the defendant.

*George M. Henry,* with him *Herbert L. Maris,* for appellant.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellee.

PER CURIAM, April 29, 1912:

This appeal is from a judgment on a verdict directed for the defendant in an action by an employee to recover for injuries caused by the kick of a mare. The negligence alleged was the failure to warn the plaintiff that the mare was in the habit of kicking. There was no proof of any habit of the mare that would subject an employee to an unusual risk and impose on the employer the duty of warning. She had been owned by the defendant and had been used in its business three years and had been known to have kicked but once before. On that occasion while at a watering trough in the stable yard, she kicked with one foot at a loose horse that came up behind her. It appeared from the testimony of the witnesses for the plaintiff, who were employed at the stable, and one of whom had driven the mare two and a half years and cleaned her twice a day during that time, that she was quiet and had not before been known to kick except on the occasion above referred to; that the kick that caused the injury complained of was not a vicious kick at a man but a kick with one foot at a horse that was led close behind her when she was tied in the stable yard and that the tendency to kick under like circumstances was common to all mares.

The judgment is affirmed.